March 19, 2013

The Honorable René Oliviera
Chair, Committee on Business and Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas   78768-2910

Opinion No.  GA-0996

Re:  Whether a school district board of trustees may appoint a single-member district trustee to an at-large position as the district transitions to a new election scheme   (RQ-1091-GA)

Dear Representative Oliviera:

Your predecessor explained that the voters in the Beaumont Independent School District (the "District") voted to change the District's trustee election scheme from seven single-member districts to five single-member districts and two at-large positions.[1] He further explained that the transition is "to be effective in the May 2013 election." Request Letter at 1.  Under a proposed transition plan, the District's Board of Trustees (the "Board") would appoint one of its current single-member district trustees, whose term will expire in May 2015, to one of the new at-large positions that will expire in May 2017.  Your predecessor asked whether the Board may make such an appointment to a new at-large position that the Board plans to fill this year.[2] Id. at 3.

Chapter 11 of the Education Code describes procedures for the election of an independent school district's board of trustees.  See TEX. EDUC. CODE ANN. §§ 11.052–.62 (West 2006 & Supp. 2012).  Section 11.052 authorizes a board of trustees to adopt an election scheme in which "trustees of the district are to be elected from single-member trustee districts or . . . not fewer than 70 percent of the members of the board of trustees are to be elected from single-member trustee districts with the remaining trustees to be elected from the district at large." Id. §

---

[1]See Letter from Honorable Joe Deshotel, Chair, House Comm. on Bus. & Industry, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Sept. 28, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]A brief submitted in response to the request argues that the "attorney general is not authorized to render an opinion for a chairman or individual member of a committee." See Brief from David Vann de Córdova, Jr., to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Oct. 18, 2012) (on file with the Op. Comm.).  Section 402.042 of the Government Code includes, among the list of authorized requestors, "a committee of a house of the legislature." TEX. GOV'T CODE ANN. § 402.042(b)(7) (West 2005).  With regard to that provision, the Legislature has established a precedent of allowing the chairperson of a committee to request an opinion under that section, and the long-standing practice of this office has been to respond to those requests.  See Tex. Att'y Gen. Op. No. GA-0685 (2008) at 2–3.  If the Legislature intended some other practice, it could have amended the statute to require another procedure.

11.052(a) (West 2006).[3]  Subsection 11.052(h) provides that "[a]t the first election at which some or all of the trustees are elected in a manner authorized by this section and after each redistricting, all positions on the board shall be filled.  The trustees then elected shall draw lots for staggered terms . . . ."  *Id.* § 11.052(h).  While section 11.052(h) establishes the default method for holding elections after redistricting, section 11.053 provides an alternative transition plan that allows current trustees to remain in office until their terms expire:

> (a) The board of trustees of an independent school district that adopts a redistricting plan under Section 11.052 may provide for the trustees in office when the plan is adopted or the school district is redistricted to serve for the remainder of their terms in accordance with this section.

> (b) The trustee district and any at-large positions provided by the district's plan shall be filled as the staggered terms of trustees then in office expire.  Not later than the 90th day before the date of the first election from trustee districts and after each redistricting, the board shall determine the order in which the positions will be filled.

*Id.* § 11.053.

Before considering the application of these provisions to the District's proposed transition plan, we first address the more general question of whether these statutory provisions apply only "to an election scheme change from an at-large system to single members."  Request Letter at 3.  As the request letter notes, the attorney for the District argues that sections 11.052 and 11.053 do not apply to the District because it already has a single-member district scheme.[4]  Her argument is that when the predecessor to section 11.052 was originally enacted as section 23.024, it included a subsection (j), which expressly prohibited the application of the section to an independent school district that already elected trustees from single-member districts.[5]  In 1995, the Legislature revised, reenacted and renumbered significant portions of the Education Code.[6]  Along with other changes, the Legislature removed subsection (j), suggesting that the Legislature no longer intended to prohibit the application of section 11.052 to school districts that already elect trustees from single-member trustee districts.  *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) ("[D]eletion of language better indicates the

---

[3]Subsection (e) allows voters of the school district to petition the board of trustees "requesting submission to the voters of the proposition that trustees of the district be elected in a specific manner . . . that the board could have ordered on its own motion."  TEX. EDUC. CODE ANN. § 11.052(e) (West 2006).

[4]Request Letter at 3; *see also* Brief from Melody G. Chappell, General Counsel, Beaumont Indep. Sch. Dist, to Office of the Tex. Att'y Gen. at 2–3 (Nov. 15, 2012) (on file with the Op. Comm.).

[5]*See* Act of May 30, 1983, 68th Leg., R.S., ch. 316, 1983 Tex. Gen. Laws 1687, 1690 ("(j) This section does not apply to an independent school district that elects trustees from single-member trustee districts in accordance with Section 23.023 of this code or other general or special law.").

[6]*See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, 1995 Tex. Gen Laws 2207, 2223.

Legislature's intent to remove its effect, rather than to preserve it."). Thus, section 11.052 and section 11.053 apply to any school districts that choose to adopt a plan authorized by section 11.052.

In construing these provisions as they apply to the District, our primary objective is to give effect to the Legislature's intent. *Id.* at 437. The plain language of the statute is the surest guide to discerning that intent. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). When a District adopts a transition plan pursuant to section 11.053, the statute's plain language requires that the new trustee positions "*shall* be filled as the staggered terms of trustees then in office expire." TEX. EDUC. CODE ANN. § 11.053(b) (West 2006) (emphasis added); *see Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (explaining that the term "shall" is generally recognized as creating a mandatory duty or obligation).

The Board's plan to appoint a current trustee, whose term expires in 2015, to a new, at-large position that begins in 2013 and would expire in 2017 contravenes the Legislature's clear instructions under section 11.053 to fill positions as they expire. Instead, section 11.053 requires the Board to fill the new at-large position when a current trustee's term expires in either 2013 or 2015. TEX. EDUC. CODE ANN. § 11.053(b) (West 2006). Thus, the Board may not appoint one of the current single-member district trustees, whose term will expire in May 2015, to a new at-large position that will expire in May 2017.

**S U M M A R Y**

Pursuant to Education Code section 11.053, the Board of Trustees of Beaumont Independent School District may not appoint one of its current single-member district trustees, whose term will expire in May 2015, to a new at-large position that will expire in May 2017.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee